UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIK LARSEN, and ROMAN GORIN,<br><br>                Plaintiffs,<br>v.<br><br>OVATION-WORLDWIDE HOLDINGS, LLC, and JAMES WHALEY,<br><br>                Defendants. | Docket No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Erik Larsen ("Larsen") and Roman Gorin ("Gorin") (collectively, "Plaintiffs"), by and through their undersigned counsel, bring this Complaint and Jury Demand against defendants Ovation-Worldwide Holdings, LLC ("Ovation"), maintaining its principal place of business at 101 Avenue of the Americas, 9th Floor, Suite 908, New York, NY 10013, and defendant James Whaley ("Whaley") (collectively, "Defendants") for damages, and in support thereof states as follows:

## SUMMARY OF THE ACTION

1.  Plaintiffs bring this action for, *inter alia*, violations of Plaintiffs' exclusive rights under the Copyright Act, Title 17 of the United States Code. Plaintiffs maintain that Defendant Ovation and certain of its officers and/or members, including Whaley have, without authorization, reproduced, distributed and/or adapted copies of computer code belonging to Plaintiffs.

## THE PARTIES

2.  Plaintiff Erik Larsen is a project and business manager who resides in Carmel, Indiana.

3.  Plaintiff Roman Gorin is a software coder and developer who resides in the country of Turkey.

4.  Upon information and belief, Defendant Ovation is a Delaware limited liability company maintaining its principal office in New York County, New York.

5. Upon information and belief, Defendant Whaley is an officer and/or member of Defendant Ovation.

## JURISDICTION AND VENUE

6. This is an action arising under the Copyright Act, Title 17 of the United States Code.

7. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Upon information and belief, Defendant Ovation is subject to personal jurisdiction in New York because the Defendant is a registered entity and has its principal place of business in New York.

9. Defendant Whaley is subject to personal jurisdiction in New York because Defendant resides and works in New York.

10. Venue in this District is proper under 28 U.S.C. § 1400(a) because the defendants reside or may be found in this District.

## STATEMENT OF RELEVANT FACTS

**I. The Work at Issue**

11. In 2023, Gorin created the software codebase and program "Qualibee Software Codebase (Developer-Authored Components)" ("Qualibee").

12. Qualibee is an artificial intelligence code and platform that aids in qualitative market research.

13. At all times relevant to the claims recited herein, Larsen and Gorin have been the sole owners of copyright in Qualibee.

14. Larsen and Gorin registered Qualibee and their ownership of Qualibee with the United States Copyright Office.

15. A true and correct copy of the Qualibee copyright registration is attached as **Exhibit 1**.

16. In or about January 3, 2024, Larsen and Roman agreed to give Defendants a license to use Qualibee through a Contract of Acquisition (the "Contract") entered into between the parties.

17. A true and correct copy of the Contract is attached as **Exhibit 2**.

18. In or about September 2025, when the relationship soured between Plaintiffs and Defendants, Plaintiffs' revoked Defendants' license to Qualibee.

## II.   Defendants' Infringement

19. Upon information and belief, in or about September 2025, Defendant Ovation, under Whaley's direction and supervison have continued to reproduce, adapt, and distribute Qualibee.ai, a platform which contains Qualibee, to their customers.

20. On information and belief, Defendants have falsely represented to their customers and potential consumers that Defendants hold the copyright in Qualibee and that they have the right to sell and use Qualibee.

21. Additionally, or in the alternative, on information and belief, Defendants have purported to grant directly to their customers a license to use Qualibee.ai, which contains Qualibee.

22. Plaintiffs have not authorized Defendants to reproduce, distribute or adapt Qualibee.

23. Accordingly, reproduction, distribution and/or adaptation of Qualibee by Defendants and/or third parties purportedly licensed by Defendants infringe Plaintiff's exclusive rights under 17 U.S.C. § 106.

24. Upon information and belief, Defendant Whaley knew or should have known that Defendants no longer had no right to reproduce, distribute or adapt Qualibee or to receive any proceeds flowing therefrom.

25. Upon information and belief, Defendants have earned monies from its reproduction, distribution and/or adaptation of Qualibee and/or its practice of purported licensing of third parties to do so.

26. Defendants have not provided an accounting of these monies to Plaintiffs nor ceased their infringing activity.

## COUNT 1
## DIRECT COPYRIGHT INFRINGEMENT – DAMAGES FOR REPRODUCTION, DISTRIBUTION AND ADAPTATION OF INFRINGING WORKS
(*as against Defendant Ovation*)

27. Plaintiffs incorporate the allegations of paragraphs 1-26 of this Complaint as if fully set forth herein.

28. Plaintiffs are the rightful owners of Qualibee, a software codebase created in 2023.

29. Plaintiffs have registered Qualibee with the United States Copyright Office.

30. Defendant Ovation reproduced Qualibee, and caused copies of Qualibee to be distributed and/or adapted without Plaintiffs' authorization, in violation of 17 U.S.C. § 106.

31. Defendant Ovation performed the acts alleged in the course and scope of its business activities.

32. Accordingly, Defendant Ovation's creation of unauthorized reproductions of the Qualibee, and subsequent distribution to consumers, constitutes infringement under Title 17 and Plaintiff is entitled to the greater of actual damages or statutory damages in an amount to be determined at trial, plus Plaintiff's costs and attorneys' fees pursuant to 17 U.S.C. § 505.

## COUNT 2
## DIRECT COPYRIGHT INFRINGEMENT – DAMAGES FOR PROVISION OF FALSE COPYRIGHT MANAGEMENT INFORMATION
(*as against Defendant Ovation*)

33. Plaintiffs incorporate the allegations of paragraphs 1-26 of this Complaint as if fully set forth herein.

34. Plaintiffs are the rightful owners of Qualibee, a software codebase created in 2023.

35. Plaintiffs have registered Qualibee with the United States Copyright Office.

36. On information and belief, Defendant Ovation deliberately caused copies of Qualibee to be distributed accompanied by false copyright management information in the knowledge and with the intent that doing so would conceal Defendants' infringement, and to mislead third parties seeking licenses to use Qualibee.ai, which contains Qualibee, into seeking such licenses from Defendants.

37. Defendant Ovation's knowing and intentional distribution of copies of Qualibee accompanied by false copyright management infringes Plaintiffs rights under 17 U.S.C. §§ 1202 and 1401, and accordingly Plaintiff is entitled to the greater of actual or statutory damages in an amount to be determined at trial, plus its costs and attorneys' fees pursuant to 17 U.S.C. § 1203(a).

**COUNT 3
CONTRIBUTORY/VICARIOUS
COPYRIGHT INFRINGEMENT – DAMAGES**
(*as against Defendant Whaley*)

38. Plaintiffs incorporate the allegations of paragraphs 1-26 of this Complaint as if fully set forth herein.

39. Upon information and belief, certain officers, proprietors and/or agents of Defendant Ovation, including Defendant Whaley, and each of them, knowingly induced, participated in, aided and abetted, and resultantly profited from the infringing reproduction distribution and/or adaptation of Qualibee.

40. Further, upon information and belief, certain officers, proprietors and/or agents of Defendant Ovation, including Defendant Whaley, and each of them, knowingly induced, participated in, aided and abetted, and resultantly profited from the infringing reproduction distribution and/or adaptation of Qualibee accompanied by false copyright management information.

41. Upon information and belief, Whaley had the right and ability to supervise the infringing conduct and had a direct financial interest in the infringing conduct.

42. By reason of Whaley's acts, Plaintiffs are entitled to damages in an amount to be determined at trial in an amount to be determined at trial pursuant to 17 U.S.C. §§ 504 and 1203, plus its costs and attorneys' fees pursuant to 17 U.S.C. §§ 505 and 1203.

## COUNT 4
## UNJUST ENRICHMENT
(*as against all Defendants*)

43. Plaintiffs incorporate the allegations of paragraphs 1-26 of this Complaint as if fully set forth herein.

44. Defendants have been enriched as a result of receiving certain monies from the unauthorized reproduction, distribution and/or adaptation of Qualibee, which are owed to Plaintiffs as the rightful and sole owners of Qualibee.

45. Defendants received the monies at Plaintiffs' expense as a result of Defendants' false representation that Ovation is the owner of Qualibee.

46. As a result of these false representations, monies from the sales of Qualibee have been directed to Ovation, rather than to Plaintiffs.

47. It would be against equity and good conscience to permit Defendants to retain these monies.

48. Accordingly, Plaintiff is entitled to disgorgement of all such wrongfully obtained moneys.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court enter judgment in its favor and against Defendants as follows:

i. that Defendants be required to pay Plaintiffs their actual damages and Defendants' collective profits attributable to the infringement or, at Plaintiffs' election, statutory damages, as provided in 17 U.S.C. §§ 504 and 1203;

ii. that Defendants be required to disgorge all moneys wrongfully obtained as a result of its infringing activities;

    iii.    that Defendants be required to pay Plaintiff their attorneys' fees and costs of suit pursuant to 17 U.S.C. §§ 505 and 1203;

    iv.    that Defendants be ordered to cease their infringement of Plaintiffs' copyright; and

    v.    that Plaintiffs be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: January 20, 2026                  Respectfully submitted,

                                            */s/ Uzoma Eze*
                                            **ROMANO LAW PLLC**
                                            Uzoma Eze
                                                uzoma@romanolaw.com
                                            One Battery Park Plaza
                                            7th Floor
                                            New York, NY 10004
                                            TEL: (212) 865-9848
                                            *Attorneys for Plaintiffs Erik Larsen*
                                            *and Roman Gorin*